```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

YVONNE BROWER,
                                NO. 1:04-CV-00803
    Plaintiff,

                              **OPINION AND ORDER**
  v.

HAMILTON COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.,

    Defendants.

       This matter is before the Court on Hamilton County Defendants' Motion for Judgment on the Pleadings (doc. 10), Plaintiff Yvonne Brower's Response in Opposition (doc. 15), and Defendants' Reply (doc. 17). Also on the Court's docket are the Motion for Judgment on the Pleadings of Defendants John Patzwald and Frank Forsthoefel (doc. 11), and Defendants' Reply (doc. 18), which the Court need not examine due to Plaintiff's Rule 41(a) dismissal of these Defendants (doc. 21). Finally, the Court shall consider Plaintiff's Motion for Leave to File First Amended Complaint (doc. 19), and Defendants' Response in Opposition (doc. 20).

**I. Background**

       Plaintiff brought a Complaint, pro se, before the Hamilton County Court of Common Pleas, on September 5, 2003, alleging that the Hamilton County Sheriff's Department, the Hamilton County Department of Job and Family Services, numerous

John Does, and other defendants violated her civil rights with unlawful searches, an arrest, and the removal of her children from her custody, on September 5, 2001. Plaintiff subsequently dismissed that Complaint (hereinafter the "first complaint") on December 9, 2003, pursuant to Ohio Rule of Civil Procedure 41(A)(1).

On January 16, 2004, Plaintiff filed a second complaint, this time in the Southern District of Ohio, based on the same events of September 5, 2001, but also including subsequent allegations related to her arrest on January 17, 2003, and detention until March 5, 2003. In her second complaint, among a host of others, Plaintiff named as Defendants Judge Nadine Allen, who ordered her detention, and Lisa Elliott, the court-appointed guardian ad litem for her children. On May 12, 2004, Plaintiff dismissed this complaint (hereinafter, the "second complaint.")

On November 24, 2004, Plaintiff returned to the Southern District of Ohio again, where she filed her present Complaint (doc. 1). Plaintiff grounds her Complaint in the same allegations of her previous complaints (Id.).[1] In summary, Plaintiff alleges that

---

[1] Although the present Complaint alleges that "as recently as November 15, 2004", county social workers allegedly threatened her husband that he could not have his children returned to him unless he divorced Plaintiff, paragraph 53 of plaintiff's second complaint alleges the same defendants' "statements, actions and encouragement caused separation and filing of divorce." The present Complaint therefore merely elaborates on the same underlying and allegedly persisting claim.

County Defendants violated her civil rights by allegedly trespassing into her home, denying her access to her daughter's high school graduation, placing her children in foster care, and placing her in a mental institution (Id.). Plaintiff also asserted state law claims for slander, trespass, tortious interference with her marriage, alienation of affection, and intentional infliction of emotional distress (Id.).

Defendants filed their Motion for Judgment on the Pleadings on June 30, 2005, arguing that Plaintiff's claims are barred by the statute of limitations, the doctrine of res judicata, Eleventh Amendment immunity, respondeat superior, failure to state a claim against Hamilton County, and qualified immunity (doc. 10). In response, Plaintiff conceded that only the fourth and fifth causes of action in her Complaint can survive Defendant's Motions. The fourth cause of action pertains to her alleged illegal detention in February 2003, when Plaintiff claims she was denied food and kept in detention for thirty days beyond the 72-hour holder she had been held on (doc. 1). The fifth cause of action pertains to an alleged conspiracy to interfere with her marriage and family (Id.). Plaintiff alleges that Lisa Elliot, the guardian ad litem for her children told her during Juvenile Court proceedings that if Plaintiff dared to file a federal lawsuit, Plaintiff would never get her children back (Id.). Defendants argue in their Reply that Plaintiff's fourth and fifth causes of

3

action are barred by res judicata due to the two prior dismissals, the second of which operated as an adjudication on the merits. (Id. citing Fed. R. Civ. P. 41(a)(1), and Wilkins v. Jakeway, 183 F.3d 528 (6th Cir. 1999).

## II.  Applicable Legal Standard

Defendants' Motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction attacks a plaintiff's cause of action in one of two ways: facially or factually. Fed. R. Civ. P. 12(b)(1); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges the sufficiency of the complaint itself.  In contrast, a factual attack challenges the factual existence of subject matter jurisdiction.  When deciding a factual attack the district court must weigh the conflicting evidence "to arrive at the factual predicate that subject matter jurisdiction exists or does not exist."  Ohio Nat. Life Ins. Co. V. U.S., 922 F.2d 320, 325 (6th Cir. 1990).  The court reviewing such a motion need not presume that the factual allegations set forth in the complaint are true. Id. Instead, the court has wide discretion to weigh any evidence properly before it.  See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 918 (6th Cir. 1986).  In the instant matter, Defendants challenge the factual existence of subject matter jurisdiction under Rule 12(b)(1), and the Court may

4

weigh any evidence properly before it.  Similarly, Rule 12(C), which provides a mechanism for judgment on the pleadings, permits the presentation of matters outside the pleadings.  The Court therefore can properly consider the prior complaints brought and dismissed by Plaintiff in considering Defendants' present motion.

**III.  Analysis**

In Wilkins v. Jakeway, 183 F.3d 528 (6th Cir. 1999), the Sixth Circuit delineated the elements necessary for a claim to be barred under the doctrine of claim preclusion, or "true" res judicata: "(1) a final decision on the merits, (2) a subsequent action between the same parties or their privies, (3) an issue in a subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action." Id. at 532, citing Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995).  In this case, Defendant argues that the first element of claim preclusion is met by the "two dismissal rule" of Rule 41(a)(1), which states:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that **a notice of dismissal operates as an adjudication on the merits** when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed. R. Civ. P. 41(a)(1)(emphasis added).  Plaintiff argues that neither the fourth or fifth counts of the present Complaint were mentioned in the first, September 2003 Complaint.  Consequently,

5

reasons Plaintiff, neither of these claims is subject to the two dismissal rule. Defendant counters that the first element of claim preclusion is fulfilled by the two dismissal rule, but does not directly address Plaintiff's argument

Having reviewed the complaints and the relevant counts, the Court finds that both the first and second complaints were actions based on the same claim that government defendants allegedly abused their power to arrest and detain Plaintiff and to separate her from her family. Plaintiff merely developed this claim with more details in her second complaint. However, there is nothing in Plaintiff's second complaint that could not have been included in her first complaint, as there were no significant new intervening underlying events behind the second complaint. In short, Plaintiff's second complaint is a more developed, recycled first complaint, but involves the same core dispute. The Court therefore finds that Plaintiff's dismissal of her January 16, 2004 complaint served as a second dismissal of her claims, including those expressed in the fourth and fifth counts of the instant November 24, 2004 Complaint, and therefore served as a final adjudication on the merits. <u>Ward v. Wyandot County Board of County Commissioners</u>, No. 3:04-CV-07552, 2005 U.S. Dist. LEXIS 522 (N.D. Ohio, January 7, 2005)(Court invoked the "two dismissal" rule where Plaintiff's first and second complaints did not both allege an A.D.A. claim, but when both complaints involved the same parties,

6

raised claims that were or could have been litigated in the first action, and when both complaints arose out of the same transaction or occurrence that was the subject matter of the previous action). Having thus concluded, the first prong of Wilkins is satisfied.

The second prong of Wilkins is similarly met because the instant Complaint serves as an action between the same parties subsequent to the final decision on the merits. The issues raised in Plaintiff's fourth and fifth counts--improper incarceration and interference with her marriage and family--could have been specifically raised, and as explained above, in fundamental essence were raised in the prior action. Identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." Westwood Chemical Co. v. Kulick, 665 F. 2d 1224, 1227 (6th Cir. 1981). Clearly there is such an identity in all three of Plaintiff's causes of action, which all involve facts relating to Defendants' roles vis-à-vis Plaintiff's children. For these reasons, the Court concludes that it lacks subject matter jurisdiction over the instant Complaint under the doctrine of claim preclusion, or res judicata. Microvote Corp. v. Casey, No. 94-3890, 1995 U.S. App. LEXIS 15396, at *6-8 (6th Cir. June 16, 1995)(under Ohio two dismissal rule, which tracks the federal rule, two prior voluntary dismissals in state court barred third suit in federal court). The Court therefore need not reach the balance of arguments raised by Defendants in attacking

Plaintiff's Complaint, including the statute of limitations, Eleventh Amendment immunity, respondeat superior, failure to state a claim against Hamilton County, and qualified immunity.

**IV. Plaintiff's Motion to Amend**

On August 4, 2005, Plaintiff filed her Motion for Leave to Amend Complaint (doc. 19). Plaintiff indicates she "seeks to add no parties but merely to cure potential deficiencies related to the liability of defendant Hamilton County, OH" (Id.). Defendants argue in response, citing Foman v. Davis, 371 U.S. 178 (1962), that Plaintiff's motion should be denied as it is futile, and Plaintiff can make no additional allegations which entitle Plaintiff to relief (doc. 20).

Rule 15 states that leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15. However, when an amendment is futile, the Supreme Court has clearly indicated that denial of an amendment is appropriate. Foman, 371 U.S. 178. Clearly, in light of the Court's finding that Plaintiff's Complaint is barred by claim preclusion, the interests of justice would in no way be served by permitting such an amendment.

**V. CONCLUSION**

Having reviewed this matter, the Court finds Defendants' Motion for Judgment on the pleadings well taken. Plaintiff's prior complaints trigger the "two dismissal rule" of Fed. R. Civ. P. 41,

8

and thus her voluntary dismissal of her second complaint operates as a final decision on the merits.  The instant Complaint further constitutes a subsequent action between the same parties, includes only issues that could have or should have been raised in the prior action, and is grounded in facts sharing an identity with the facts of the prior actions.  <u>Wilkins v. Jakeway</u>, 183 F.3d 528 (6th Cir. 1999).   The Court further finds that Plaintiff's proposed amendment to her Complaint is futile in the light of its conclusion that the Court lacks subject matter jurisdiction over this action under the doctrine of claim preclusion.  <u>Foman</u>, 371 U.S. 178.  Accordingly, the Court GRANTS Defendants' Motion for Judgment on the Pleadings (doc. 10), and DENIES Plaintiff's Motion for Leave to Amend Complaint (doc. 19).  In the light of Plaintiff's Rule 41(a) dismissal of Defendants John Patzwald and Frank Forsthoefel (doc. 21), the Court DENIES AS MOOT these former Defendants' Motion for Judgment on the Pleadings (doc. 11).  The Court DISMISSES this case from its docket.

       SO ORDERED.


Dated: January 17, 2006      <u>s/S. Arthur Spiegel      </u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge